FILED
'97 FEB 12 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 1 2 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WINIFRED DILL, et al.,          }
                                }
    Plaintiffs,                 }
                                }   CIVIL ACTION NO.
    vs.                         }
                                }   96-AR-3048-S
AMI BROOKWOOD MEDICAL CENTER,   }
                                }
    Defendant.                  }

### MEMORANDUM OPINION

The court has before it a motion to amend the complaint and a motion to stay the action pending arbitration, or alternatively to dismiss. The proposed amendment to the complaint adds three plaintiffs. It is timely and will be granted by separate order. However, the motion to dismiss, deemed addressed to the complaint as amended, will be granted for the reasons hereinafter stated.

There are now four plaintiffs who resist the mandatory arbitration insisted upon by defendant, AMI Brookwood Medical Center ("AMI"), in its motion to dismiss. Three of the four signed Employee Acknowledgment forms explicitly stating that they voluntarily agree to use and submit to final and binding arbitration with regard to "all claims and disputes that are related in any way to [their] employment or the termination of [their] employment." These forms were signed on March 29, 1996,

and the said three plaintiffs began working for AMI prior to that date. Thus, with respect to these three plaintiffs the applicable question is the retroactive effect of their arbitration contracts with their employer.

The fourth plaintiff did not sign a new Employee Acknowledgment form. However, she did sign an acknowledgment card when she commenced employment with AMI. It acknowledges her understanding of her privileges and obligations in the employee handbook, wherein the arbitration requirement is specifically delineated. Thus, the question with respect to the fourth plaintiff is the binding effect of an unsigned arbitration agreement. The court will address each question in turn.[1]

First, with regard to the three plaintiffs who actually signed the new Employee Acknowledgment form, the only real question is whether the contract is retroactive. Plaintiffs argue that the discrimination giving rise to this cause of action occurred prior to the execution of the arbitration agreement. It is clear that arbitration agreements can have retroactive effect. *See Belke v. Merrill Lynch*, 693 F.2d 1023, 1028 (11th Cir. 1982). The scope of an arbitration clause/agreement is governed by the

---

[1] These are the only questions raised. For example, there is no question regarding whether interstate commerce is affected. Presumptively, interstate commerce is sufficiently implicated to have validated the arbitration agreements.

2

intent of the contracting parties. *See id.* Furthermore, the Eleventh Circuit has expressly held that an arbitration agreement does not have to state that it applies retroactively in order to have retroactive effect. *Id.* In *Belke*, plaintiff argued, as in the instant action, that the acts complained of occurred prior to the execution of the contract and therefore, that the claim was not subject to arbitration. *Id.* In rejecting plaintiff's argument the court stated:

> By its own terms the [arbitration clause] covers not only disputes arising out of the agreement, but in the disjunctive includes "any controversy between us arising out of your business." An arbitration clause covering disputes arising out of the contract or business between the parties evinces a clear intent to cover more than just those matters set forth in the contract.

*Id.* at 1028; *see also Realco v. Merrill Lynch*, 738 F. Supp. 515, 517 (S.D. Ga. 1990). Similarly, the arbitration contract in the instant action provides in the disjunctive that "any and all claims and disputes that are related in any way to my employment or the termination of my employment" shall be submitted to binding arbitration. The arbitration agreement is not limited to disputes over interpretation or enforcement of the employment agreement. Thus, the arbitration agreement clearly applies retroactively.

Next, with regard to the final plaintiff, the question is

3

the applicability of an unsigned arbitration agreement. It is well established that while the Federal Arbitration Act requires a writing, that writing need not be signed by both parties as a prerequisite to its enforcement of the agreement. *See Valero v. M/T Lauberhorn*, 813 F.2d 60, 62 (5th Cir. 1987); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987); *see also First Citizens Municipal Corp. v. Perching Division of Donaldson, Lufkin & Jenrette Securities Corp.*, 546 F. Supp. 884, 887 (N.D. Ga. 1982). As long as the arbitration agreement is in writing, as it is here, and it is clear that the parties have agreed to arbitrate, then their disputes shall go to arbitration. When the fourth plaintiff signed the acknowledgment card she formally acknowledged that she was familiar with the employee handbook and was obligated to follow it. The employee handbook specifically provides:

> Your decision to accept employment or to continue employment with the company constitutes your agreement to be bound by the FTP [arbitration process]. Likewise, the company agrees to be bound by the FTP. This mutual agreement to arbitrate claims means that both you and the company are bound to use the FTP as the only means of resolving employment related disputes.

Accordingly, the fourth plaintiff, like the first three plaintiffs, has agreed to resolve her disputes by arbitration. She is bound by her agreement.

4

This action will be dismissed without prejudice to plaintiffs pursuing their exclusive arbitration remedy.

DONE this 12th day of February, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT